IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TISHA HENDERSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-695-L-BN** |
| | § | |
| **JOHN WILEY PRICE,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On April 3, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court dismiss without prejudice this action for lack of jurisdiction because none of the facts alleged in this "personal injury medical malpractice" action by *pro se* Plaintiff Henderson support a finding regarding the existence of either diversity or federal question jurisdiction. The Report further concludes that "the ability to file objections to the . . . recommendation that this case be dismissed for lack of jurisdiction . . . offers [Plaintiff] Henderson an opportunity to establish (if possible) that the Court does have subject matter jurisdiction." Report 2. No objections to the Report were filed, and the deadline for doing so has expired. In addition, Plaintiff has not requested an extension of time to cure the jurisdictional deficiencies identified or filed anything explaining how the deficiencies can be cured.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of jurisdiction.

Order – Page 1

This determination also moots Plaintiff's Application and request to proceed *in forma pauperis* in this proceeding (Doc. 5), which is *denied as moot*.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 26th day of April, 2024.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge